UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JEROME JOHNSON,

                Plaintiff,                  **MEMORANDUM and ORDER**

    -against-                                       15-CV-0341 (SLT)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
----------------------------------------------------------x

**TOWNES, United States District Judge:**

      Jerome Johnson ("Plaintiff") initiated this suit *pro se*, seeking judicial review of the Commissioner of Social Security's (the "Commissioner") decision denying Plaintiff's application for disability insurance benefits. Before the Court is the Commissioner's Motion for Judgment on the Pleadings, which Plaintiff has not opposed despite receiving ample notice and explanatory statements required by Local Rules 12.1 and 56.2. For the reasons set forth below, it is **ORDERED** that the Commissioner's motion (ECF No. 11) is **GRANTED**.[1]

## I. BACKGROUND

      Plaintiff applied for disability benefits in March of 2013 alleging disability since the end of January of the same year related to heart problems and human immunodeficiency virus ("HIV"). (Tr. 82-88, 102).[2] After the application was initially denied, Plaintiff appeared before an Administrative Law Judge ("ALJ") on March 12, 2014. (Tr. 27-35). Documentary evidence before the ALJ disclosed that Plaintiff was gainfully employed before, on, and after his alleged onset date in January of 2013. Specifically, the "Work Background" section of his application form indicated that he worked two jobs from the early 1990s through the date of his hearing, one at the New York State Office of the Comptroller (the "NYSOC") and another at the Aichhorn

---

[1] Plaintiff's motion to proceed *in forma pauperis* is **GRANTED** *nunc pro tunc*. (ECF No. 2).
[2] "Tr." refers to the administrative record docketed at ECF No. 13.

Center for Adolescent Residential Care (the "Aichhorn Center"). (Tr. 103; *see also* Tr. 118, 139). Other income queries in the record disclosed that he earned a combined income of $89,002.33 in 2012 from both jobs, (Tr. 92, 98), and that he earned $29,935.00 from his employment at the NYSOC and $21,361.00 from the Aichhorn Center during the first two quarters of 2013, (Tr. 89).

At the hearing in March of 2014, after the ALJ advised Plaintiff of his right to an attorney and offered to adjourn until he had procured one, Plaintiff testified that he still maintained both jobs and explained that he had been working 80-hour weeks for the past twenty years in order to care for his son. (Tr. 27-33). He further explained that while he often took time off for medical appointments and occasionally for hospital admissions, he maintained fulltime employment at both institutions despite increasing physical impairments. (Tr. 30-33). The ALJ voiced his "tremendous respect" for Plaintiff's gumption, but predicted that the application would likely be denied on the basis of Plaintiff's being gainfully employed.

Roughly two weeks later the ALJ issued an opinion denying the application on exactly those grounds, finding that Plaintiff was not disabled because he engaged in "substantial gainful activity" as defined by the Social Security Act. (Tr. 9-12). After the Appeals Council reviewed the ALJ's decision and denied further review, (Tr. 1-3), Plaintiff initiated the instant suit in January of 2015. The Commissioner now moves for dismissal on the same grounds.

## II. DISCUSSION

Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), permits "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . [to] obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . in the

district court of the United States for the judicial district in which the plaintiff resides." A reviewing district court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

In reviewing the ALJ's decision, "it is not [this Court's] function to determine de novo whether plaintiff is disabled." Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks and citation omitted). "Rather, [this Court] must determine whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard." Id. (internal quotation marks and citation omitted); accord Jordan v. Comm'r of Social Security, 194 Fed. App'x 59, 61 (2d Cir. 2006) ("We review the agency's final decision to determine, first, whether the correct legal standards were applied and, second, whether substantial evidence supports the decision.") (internal citation omitted); see also 42 U.S.C. § 405(g). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Schaal, 134 F.3d at 501 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)) (internal quotation marks omitted); accord Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002). "To determine whether the [ALJ's] findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." Snell v. Apfel, 177 F.3d 128, 132 (2d Cir. 1999) (internal quotations marks and citation omitted). "When there are gaps in the administrative record or the ALJ has applied an improper legal standard," remand to the Commissioner "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1996).

The Social Security regulations "establish a five-step process" pursuant to which "the Commissioner is required to evaluate a claim for disability benefits." Draegert v. Barnhart, 311 F.3d 468, 472 (2d Cir. 2002); accord 20 C.F.R. § 404.1520 (codifying the five-step analytical framework). The process is one of sequential evaluation, such that if the Commissioner is able to make a specified conclusive determination regarding the claimant's disability at a given step, there is no need to perform the analysis set forth under the next successive step. See 20 C.F.R. § 404.1520(4).

At step one, a claimant's work activity is considered. See 20 C.F.R. § 404.1520(4)(i). A finding of "not disabled" is warranted if the claimant is engaged in "substantial gainful activity." See id.; accord Draegert, 311 F.3d at 472. Substantial gainful activity is all work that involves "doing significant physical or mental duties" that are "gainful," meaning they result in pay or profit above certain thresholds. 20 .C.F.R. § 404.1572, 404.1574(a). As a general matter, formal employment constitutes substantial gainful activity. However, work performed under "special conditions" may, in some scenarios, not constitute *substantial* gainful activity, such as when one needs special assistance to perform the work in question, is allowed comparatively long breaks or lowered standards of productivity, or is given the opportunity to continue working due to family relationships or past associations with employers. 20 C.F.R. 404.1573. The "primary consideration," however, is the amount of earnings derived from work activity. 20 C.F.R. 404.1574. Generally, if average earnings after 2001 exceed $700 per month adjusted for inflation from 1998 with reference to the national average wage index, then the underlying work is substantial gainful activity. Id.

Here, the ALJ's finding that Plaintiff was engaged in substantial gainful activity was supported by substantial evidence. Plaintiff's application forms and testimony disclosed that he

4

worked two fulltime jobs and earned amounts significantly above the threshold amount throughout all relevant time periods. Beyond Plaintiff's testimony that he missed work to receive medical care and had difficulties walking stairs, the record provides no evidence with which he could meet his burden to show that he worked under "special conditions" not qualifying as substantial gainful activity. See Figueroa-Plumey v. Astrue, 764 F. Supp. 2d 646, 651 (S.D.N.Y. 2011). In short, Plaintiff's income and work history prevent him from being deemed disabled at step one of the analysis. The Court echoes the ALJ's "deep respect" for Plaintiff's work history, but finds no grounds to vacate the decision below.

## V. Conclusion

For the reasons set forth above, the Commissioner's motion for judgment on the pleadings is **GRANTED**. The Clerk of Court is directed to enter judgment and close the case.

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: March 27, 2017
Brooklyn, New York

5